# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TONY R. HINES, | Case No.: 2:19-cv-01465-APG-VCF |
| Petitioner, | **Order Appointing Counsel Provisionally** |
| v. | [ECF No. 3] |
| BRIAN WILLIAMS, et al., | |
| Respondents. | |

This is a habeas corpus matter under 28 U.S.C. § 2254 filed by a prisoner in the custody of the Nevada Department of Corrections. Petitioner Tony Hines has paid the filing fee but he is financially unable to afford counsel. Hines also filed a motion for appointment of counsel. ECF No. 3. I find that appointment of counsel is warranted.

Hines alleges that in 1983 he was convicted of attempted robbery with the use of a deadly weapon and first-degree murder with the use of a deadly weapon. For the latter count, the trial court imposed two sentences of life imprisonment without the possibility of parole, to be served consecutively. Without relief Hines will die in prison, and that favors appointment of counsel.

The issue that Hines presents is complicated. At the time of Hines's trial, the prosecution needed to prove willfulness, premeditation, and deliberation as distinct elements of first-degree murder. *Riley v. McDaniel*, 786 F.3d 719, 723 (9th Cir. 1995) (quoting *Hern v. State*, 635 P.2d 278, 280 (Nev. 1981)). Hines alleges that the jury in his trial received an instruction approved in *Kazalyn v. State*, 825 P.2d 578 (Nev. 1992), that treated willfulness, premeditation, and deliberation all as one element. Later, in *Byford v. State*, 994 P.2d 700 (Nev. 2000), the Supreme Court of Nevada determined that willfulness, premeditation, and deliberation were distinct elements, and that trial courts needed to stop using the *Kazalyn* instruction. Two decades of

litigation have followed over how to treat people who received the *Kazalyn* instruction, either before the *Kazalyn* decision or after it. In a matter this complicated, counsel will be of assistance to Hines in developing his claim. Thus, the appointment of counsel is warranted.

I THEREFORE ORDER the clerk of the court to file the petition for a writ of habeas corpus, currently in the docket at ECF No. 1-1.

I FURTHER ORDERED that the motion for appointment of counsel **(ECF No. 3) is GRANTED**.

I FURTHER ORDER that the Federal Public Defender is appointed provisionally a counsel. The Federal Public Defender will have 30 days from the entry of this order to either undertake representation of Hines or indicate to the court the office's inability to represent him. If the Federal Public Defender is unable to represent Hines, I will appoint alternate counsel, subject again to establishment of financial eligibility. I will set a deadline for filing an amended petition or a motion seeking other relief after counsel has appeared. I anticipate setting the deadline for 120 days after entry of the formal order of appointment. I do not mean to signify any implied finding of tolling by setting any deadlines or granting any extensions. Hines always remains responsible for calculating the limitation period of 28 U.S.C. § 2244(d)(1) and timely presenting claims. Neither do I suggest that the petition is not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

I FURTHER ORDER the clerk to add Aaron Ford, Attorney General for the State of Nevada, as counsel for the respondents.

I FURTHER ORDER the clerk to electronically serve both the Attorney General of the State of Nevada and the Federal Public Defender with copies of the petition and this order.

I FURTHER ORDER that the respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from the respondents until further order of the court.

I FURTHER ORDER the clerk to provide copies of all prior filings to both the Attorney General and the Federal Public Defender in a manner consistent with the clerk's current practice, such as regeneration of notices of electronic filing.

DATED this 12th day of February, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE