UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TONY R. HINES,

    Petitioner,

v.

BRIAN WILLIAMS, et al.,

    Respondents.

Case No.: 2:19-cv-01465-APG-VCF

**Order Granting Motion to Dismiss and Referring Action to the Court of Appeals**

[ECF No. 27]

## I. Introduction

The respondents have moved to dismiss the habeas corpus petition filed by petitioner Tony Hines.[1] I agree with them that this is a second or successive petition for which Hines has not received authorization from the Ninth Circuit.[2] I will refer the matter to the Ninth Circuit for a determination whether Hines may file a second or successive petition.[3]

## II. Relevant Procedural History

The procedural history of this case is long, and I will only recount what is relevant. After a jury trial, Hines was convicted of one count of robbery with the use of a deadly weapon and one count of first-degree murder with the use of a deadly weapon. The state district court filed its judgment of conviction on February 9, 1982. Ex. 54 (ECF No. 29-9).

On March 15, 1989, Hines dispatched to this court a federal habeas corpus petition under 28 U.S.C. § 2254.[4] The court on its own motion determined that one of Hines' grounds was

---

[1] ECF No. 27.
[2] *See* 28 U.S.C. § 2244(b).
[3] *See* Circuit Rule 22-3.
[4] *Hines v. Sumner*, Case No. CV-S-89-0212-PMP-(LRL).

unexhausted and that the remaining grounds lacked merit.[5] Hines appealed. The Ninth Circuit noted that this court should have dismissed the petition without prejudice even if only one ground was unexhausted.[6] The Ninth Circuit then noted that it could reach the merits of Hines' grounds because the respondents did not raise exhaustion as a defense.[7] The Ninth Circuit then concluded that none of Hines' grounds had merit.[8]

In April 2019, Hines sent an application for leave to file a second or successive petition to the Ninth Circuit.[9] Question 5 of the application form asked Hines, "With respect to **each** conviction and sentence, have you ever filed a petition or motion for habeas corpus relief in federal court under **28 U.S.C. § 2254** or **§ 2255**?"[10] The form had "Yes" and "No" check boxes.[11] Hines wrote, "With respect to this court petitioner has been incarcerated 39 years and has no documentation."[12] Next to the check boxes, Hines wrote "Unknown."[13] The Ninth Circuit denied the application as unnecessary, stating, "Because it appears that the applicant has not filed a prior section 2254 petition in the district court, he may file a habeas petition without obtaining prior authorization."[14] The Ninth Circuit then transferred the application to this court.

---

[5] *See Hines v. Sumner*, 942 F.2d 791, 1991 WL 164261, at *1 (9th Cir. Aug. 26, 1991) (unpublished).

[6] *Id*. (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)). The Ninth Circuit reached this decision before the enactment of the statute of limitations, 28 U.S.C. § 2244(d).

[7] *Id.* (citing *Granberry v. Greer*, 481 U.S. 129, 134 (1987)).

[8] *Id.*

[9] ECF No. 1-2 at 3.

[10] ECF No. 1-2 at 4.

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.* at 1.

### III. Discussion

I agree with the respondents that Hines' prior habeas corpus action in this court, *Hines v. Sumner*, makes the current petition a second or successive habeas corpus petition. I disagree with Hines that the Ninth Circuit's determination that the current petition is not a second or successive petition is the law of the case that I must follow. "A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). Either the Ninth Circuit's determination was clearly erroneous, or circumstances have changed.

First, Hines argues that I must assume that the Ninth Circuit had access to its prior decision in *Hines v. Sumner*.[15] The Ninth Circuit's publicly available Electric Case Filing system has no record of *Hines v. Sumner*, searching either by its case number (90-15729) or by Hines' name and the relevant date range. I do not know if the Ninth Circuit has internal resources that are not publicly available. Perhaps the Ninth Circuit's successive-petition review includes searches on Westlaw. However, taking the assumption as true, then the Ninth Circuit's determination that Hines had no prior habeas corpus petition in this court is clearly erroneous. Hines did have a prior habeas corpus petition in this court, and the Ninth Circuit itself determined that it was without merit.

Second, if I do not accept Hines' assumption, then the circumstances have changed. The respondents found from their own records that Hines had filed a prior habeas corpus petition.[16]

---

[15] ECF No. 34 at 3.

[16] Ex. 186 (ECF No. 31-51).

Further inquiries showed that the Ninth Circuit had determined that the petition was without merit. Under those circumstances, the current petition is a second or successive petition.

Hines needs authorization from the Ninth Circuit for a second or successive petition before I can consider it.[17] In the interests of justice, I will refer the matter to the Ninth Circuit instead of dismissing the action.[18]

The respondents also argue that the first amended petition is untimely and that its sole ground is procedurally defaulted. I will not address those arguments because I cannot consider the petition without authorization from the Ninth Circuit.

I THEREFORE ORDER that the respondents' motion to dismiss **(ECF No. 27) is GRANTED** in part. The first amended petition (ECF No. 22) is a second or successive petition.

I FURTHER ORDER that, under Circuit Rule 22-3(a), the clerk of the court shall refer this action to the United States Court of Appeals for the Ninth Circuit.

I FURTHER ORDER the clerk of the court to administratively close this action.

DATED this 24th day of September, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[17] 28 U.S.C. § 2244(b)(3).

[18] *See* Circuit Rule 22-3(a).